IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FREDRICK W. HEROLD, JR.,
Plaintiff,

v.  Civil Action No. 3:17-CV-00395-JAG

MERRILL LYNCH, PIERCE,
FENNER & SMITH, INC.,
Defendant.

## OPINION

This matter comes before the Court on the plaintiff's motion for leave to file an amended complaint. The plaintiff filed his original complaint in May 2017, alleging gross negligence, negligence, and fraud. The plaintiff voluntarily withdrew his fraud claim, leaving only the two negligence claims. He now moves for leave to file an amended complaint to add eight additional counts and requests a hearing on this motion. These counts do nothing more than reiterate his theory that Merrill Lynch has somehow cheated him out of some of his father's money. The plaintiff has unsuccessfully raised these claims over and over before various tribunals, and they do not succeed here anymore than they did anywhere else.

The Court denies the motion for leave to amend because the proposed amendments are futile.

## I. BACKGROUND

This case arises from financial accounts that Fredrick W. Herold, Sr. ("Fredrick") opened in 2004 with Merrill Lynch. A Customer Relationship Agreement ("CRA") governed the accounts and named Fredrick's wife, Kristina C. Herold, as the sole beneficiary. After Fredrick's death in January 2014, Merrill Lynch transferred the accounts to Kristina. Fredrick's

son, Fredrick W. Herold, Jr. ("Skip"), says the CRA is a forgery. Skip claims that the accounts belong in Fredrick's estate, of which Skip is a beneficiary.

Skip has complained in many fora about his father's assets. He began in May 2014, by contacting Merrill Lynch about the account transfer to Kristina. According to the amended complaint, Merrill Lynch "failed to reasonably scrutinize the [CRA]." (Dk. No. 38, Exh. 2, at ¶ 2.) Skip then took his complaint to a Merrill Lynch Vice President, Bradford E. Bugher, who oversaw the accounts. Bugher found nothing out of the ordinary about the transaction and said that Kristina was the sole beneficiary on the accounts. Bugher also told Skip that he knew about the legal dispute between Skip and Kristina and that he could provide only limited information to Skip due to privacy laws. Skip next brought his complaint to Bugher's supervisor, to no avail.

Skip then complained to the Securities Division of the Maryland Attorney General's Office, which asked Merrill Lynch about the transfer. According to the amended complaint, Merrill Lynch's response to the Attorney General showed that Merrill Lynch "either neglected to conduct a reasonable inquiry" or "concealed information." (Dk. No. 38, Exh. 2, at ¶ 6.) Skip then contacted Merrill Lynch's customer service line to request that they place a fraud alert on the accounts, but they failed to do so.

Skip filed a lawsuit in Maryland. In response to a subpoena, Merrill Lynch provided Skip with "an incomplete, nearly illegible copy of a fraudulent photocopied" CRA. (Dk. No. 38, Exh. 2, at ¶ 10.) Skip says it was all wrong: Merrill Lynch "accepted and processed" the CRA through "unknown employees/agents, at an unknown time and place," failed to show that Merrill Lynch had the original CRA on file, and provided "no signed disclosures" and "no documents that were countersigned by a registered representative of Merrill Lynch." (Dk. No. 38, Exh. 2, at

¶ 13.) Finally, the amended complaint alleges that Bugher lied in his declaration in support of Merrill Lynch's motion for summary judgment.

## II. STANDARD OF REVIEW

Courts should "freely give" leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). In making this determination, courts may deny leave to amend in cases of apparent or declared undue delay, bad faith, repeated failure to cure pleading deficiencies, undue prejudice to the opposing party, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Courts have focused on prejudice, bad faith, and futility as "the only legitimate concerns in denying leave to amend, since only these relate to protection of the judicial system or other litigants." *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980).

Futility arises where an amendment cannot withstand a motion to dismiss. *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995) (citing *Glick v. Koenig*, 766 F.2d 268-69 (7th Cir. 1985)). Courts must grant a motion to dismiss where a pleading fails to state a claim for relief under the applicable Federal Rules of Civil Procedure standards, including 12(b)(6) and 9(b).[1] *United States ex. rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). In this case, the plaintiff's proposed amendments are futile because they could not withstand a motion to dismiss as a matter of law.[2]

---

[1] In cases like this one, where the plaintiff appears pro se, courts do not expect the plaintiff to frame legal issues with the clarity and precision expected from lawyers. Accordingly, the Court construes the proposed amended complaint liberally. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). This principle of liberal construction, however, has its limits. *Id.* The Court will not discern the unexpressed intent of the plaintiff or conjure up issues on the plaintiff's behalf. *Id.*

[2] Although many of the events in this case appear to have transpired in Maryland and Delaware, applying the law of those states would not lead to a different outcome. *See Perini/Tompkins Joint Venture v. Ace Am. Ins. Co.*, 738 F.3d 95, 101 (4th Cir. 2013). Therefore, the Court does not need to undertake a choice of law analysis and applies the law of the forum state, Virginia.

## III. DISCUSSION

The first new claim, Count III, alleges that Merrill Lynch breached a fiduciary duty it owed to Skip as a third-party beneficiary to the contractual relationship between Merrill Lynch and his father. "To state a claim for breach of a fiduciary duty, a plaintiff must establish three elements: (1) the existence of a fiduciary duty; (2) a breach of that duty; and (3) subsequent damages attributable to the breach." *DCG & T ex rel. Battaglia/IRA v. Knight*, 68 F. Supp. 3d 579, 586 (E.D. Va. 2014) (citing *Carstensen v. Chrisland Corp.*, 247 Va. 433, 443–46, 442 S.E.2d 660, 666–68 (1994)).

Virginia law recognizes a third-party beneficiary to a contract only where "the parties to the contract clearly and definitely intended to confer a benefit upon him." *Ward v. Ernst & Young*, 246 Va. 317, 330, 435 S.E.2d 628, 634 (1993) (quoting *Prof'l Realty v. Bender*, 216 Va. 737, 739, 222 S.E.2d 810, 812 (1976)). The courts generally look to the "four corners" of the contract to determine whether a person is an intended third-party beneficiary. *Obenshain v. Halliday*, 504 F. Supp. 946, 956 (E.D. Va. 1980) (citing *Richmond Shopping Ctr., Inc. v. Wiley N. Jackson Co.*, 220 Va. 135, 142, 255 S.E.2d 518, 523 (1979)). The amended complaint fails to show that the contract between Fredrick and Merrill Lynch "clearly and definitely intended" to establish Skip as a third-party beneficiary. *Ward*, 246 Va. at 330, S.E.2d at 634. Absent such intent, Merrill Lynch owes no legal duty to Skip as a third-party beneficiary. As such, proposed Count III for breach of fiduciary duty fails as futile.

Proposed Count IV raises a civil conspiracy claim alleging that Merrill Lynch colluded with Kristina to "conceal fraudulent transfers." (Dk. No. 38, Exh. 2, at ¶ 4.) Civil conspiracy claims impute liability for torts onto someone other than the primary tortfeasor. *Gelber v. Glock*,

---

*Id.* This Opinion will note any minor differences under these states' laws and explain why those discrepancies do not lead to different results.

293 Va. 497, 534, 800 S.E.2d 800, 821 (2017) (quoting *Almy v. Grisham*, 273 Va. 68, 80, 639 S.E.2d 182, 188 (2007)). Establishing such a claim thus requires that the plaintiff first show an underlying tort that proximately caused the plaintiff's injury. *Id.* Here, the amended complaint alleges that Merrill Lynch colluded to conceal fraudulent activity, but it does not properly plead the necessary elements of the underlying fraud cause of action, especially given the heightened Rule 9(b) pleading standard for fraud. Thus, the amended complaint fails to state a claim for relief, rendering the Count IV civil conspiracy claim futile.

Proposed Count V alleges negligent misrepresentation on the basis that Merrill Lynch either failed to make a "reasonably prudent inquiry" or "intentionally misrepresented the facts" upon Skip's request that Merrill Lynch review the account transfer. (Dk. No. 38, Exh. 2, at ¶ 3.) Negligent misrepresentation is a species of constructive fraud. *Richmond Metro. Auth. v. McDevitt St. Bovis, Inc.*, 256 Va. 553, 559, 507 S.E.2d 344, 347 (1998). A plaintiff can prove constructive fraud by showing that the defendant made a false representation of material fact innocently or negligently, and the plaintiff relied upon the misrepresentation, resulting in damage. *Parkman v. Elam*, No. 3:08-CV-690, 2009 WL 736067, at *3 (E.D. Va. Mar. 17, 2009). Courts review fraud claims under a heightened pleading standard, meaning plaintiffs must plead them "with particularity." Fed. R. Civ. P. 9(b). The amended complaint alleges that Merrill Lynch "either failed to make a reasonably prudent inquiry into the matter, or intentionally misrepresented the facts." (Dk. No. 38, Exh. 2, at ¶ 3.) Without facts to support them, these allegations alone do not plead a fraud claim with particularity.[3] Moreover, Skip's constant

---

[3] Maryland and Delaware law require the defendant to owe a duty of care to the plaintiff when making the negligently false assertion. *See 200 N. Gilmor, LLC v. Capital One, Nat'l Ass'n*, 863 F. Supp. 2d 480, 490 (D. Md. 2012); *Outdoor Techs., Inc. v. Allfirst Fin., Inc.*, No. 99C-09-151-JRS, 2001 WL 541472, at *5 (Del. Super. Ct. Apr. 12, 2001). Because Skip cannot establish that

complaints show that he did not rely on anything Merrill Lynch said or did. Proposed Count V fails on futility grounds.

Proposed Count VI raises a professional malpractice claim against Merrill Lynch for (1) colluding with Kristina to conceal fraudulent activity; (2) failing to engage in a reasonably prudent inquiry concerning the transfer upon Skip's request; and (3) Bugher proffering a false declaration to this Court in support of the motion for summary judgment. Though professional malpractice claims sound in tort, they arise from breaches of contract to provide services. *Hirschler v. GMD Invs Ltd. P'ship*, No. 90-1289, 1991 WL 115773, a *9 (E.D. Va. Mar. 28, 1991). In other words, a plaintiff must show a contractual relationship giving rise to a duty, a breach of that duty, causation, and damages. *Shipman v. Kruck*, 267 Va. 495, 501, 593 S.E.2d 319, 322 (2004). The amended complaint does not allege facts to show that Skip either has a customer relationship with Merrill Lynch or that he is an intended third-party beneficiary to the customer relationship between Fredrick and Merrill Lynch. Thus, the amended complaint does not demonstrate a contractual relationship that could give rise to a professional malpractice claim.[4] Count VI consequently fails as futile.

Proposed Count VII claims that Merrill Lynch breached the implied covenant of good faith and fair dealing because it failed to "deal honestly and fairly" not only with Fredrick but also with "all of his beneficiaries." (Dk. No. 38, Exh. 2, at ¶ 16.) A breach of the implied covenant of good faith and fair dealing occurs where a defendant acts dishonestly or exercises his discretion arbitrarily or unfairly in a contractual relationship. *Stoney Glen, LLC v. S. Bank &*

---

Merrill Lynch owed him a duty, his negligent misrepresentation would fail for that additional reason under Maryland or Delaware law.

[4] Maryland and Delaware law do not necessarily require a contractual relationship, but they do require the plaintiff to show that the defendant owed him a duty, which Skip cannot do. *See Swedish Civil Aviation Admin. v. Project Mgmt. Enters., Inc.*, 190 F. Supp. 2d 785, 803 (D. Md. 2002); *Brzoska v. Olson*, 668 A.2d 1355, 1359 (Del. 1995).

*Trust Co.*, 944 F. Supp. 2d 460, 466 (E.D. Va. 2013). Because Skip has neither has a customer relationship with Merrill Lynch nor a status as a third-party beneficiary to Fredrick's agreement, Merrill Lynch owes Skip no implied covenant of good faith and fair dealing. This failure renders Count VII futile.

Proposed Count VIII raises a civil aiding and abetting claim, alleging that Merrill Lynch collaborated with Kristina to conceal fraudulent transfers. Virginia law has not clearly recognized an aiding and abetting cause of action for tortious claims.[5] *Bastable v. Muslu*, No. CL08-1191, 2009 WL 7339887, at *3 (Va. Cir. July 8, 2009). Virginia may recognize aiding and abetting a breach of fiduciary duty, which requires that the defendant (1) know about another duty and breach; (2) participate in or direct the breach; and (3) benefit from the breach. *All. Tech. Grp. v. Achieve 1, LLC*, No. 3:12CV701–HEH, 2013 WL 143500, at *5 (E.D. Va. Jan. 11, 2013). In such circumstances, the defendant must have "actual knowledge" of the other's breach of fiduciary duty and must knowingly participate in the breach. *Halifax Corp. v. Wachovia Bank*, 268 Va. 641, 659–60, 604 S.E.2d 403, 411–412 (2004). Simply claiming that Merrill Lynch should have noticed alleged fraudulent conduct does not establish that Merrill Lynch had actual knowledge of an existing duty and breach or that Merrill Lynch knowingly participated in it. Moreover, the Court already determined that the breach of fiduciary duty claim in the amended complaint cannot withstand a motion to dismiss. For these reasons, Count VIII for civil aiding and abetting cannot proceed because it is futile.

Proposed Count IX raises a breach of contract claim against Merrill Lynch for allegedly failing to both safeguard Fredrick's accounts and to "make proper distributions to [his] intended

---

[5] Maryland and Delaware recognize a civil aiding and abetting cause of action, but both require an underlying tort, which Skip fails to show. *See Alleco Inc. v. Harry & Jeanette Weinberg Found., Inc.*, 665 A.2d 1038, 1049–50 (Md. 2012); *Prairie Capital III, L.P. v. Double E Holding Corp.*, 132 A.3d 35, 62–63 (Del. Ch. 2015).

beneficiaries." (Dk. No. 38, Exh. 2, at ¶ 16.) A breach of contract claim requires that: (1) the defendant owed the plaintiff a legally enforceable obligation; (2) the defendant breached or violated that obligation; and (3) the breach injured the plaintiff.[6] *Squire v. Va. Hous. Dev. Auth.*, 287 Va. 507, 517, 758 S.E.2d 55, 60 (2014) (citing *Filak v. George*, 267 Va. 612, 619, 594 S.E.2d 610, 614 (2004)). Again, the amended complaint fails to allege facts demonstrating a contractual relationship between Merrill Lynch and Skip, such that Merrill Lynch owed Skip a legally enforceable obligation. Count IX for breach of contract thus fails on futility grounds.

Proposed Count X alleges unjust enrichment arising from Merrill Lynch's "earned commissions from managing" Fredrick's accounts, to the extent that Merrill Lynch's failure to "perform its duties competently" harmed Skip. (Dk. No. 38, at ¶ 27.) An unjust enrichment, or quasi-contract, claim requires that: (1) the plaintiff conferred a benefit on the defendant; (2) the defendant knew the plaintiff conferred a benefit; and (3) the defendant accepted or retained the benefit in circumstances that would render it inequitable to do so without paying for its value. *Tao of Sys. Integration, Inc. v. Analytical Servs. & Materials, Inc.*, 299 F. Supp. 2d 565, 576 (E.D. Va. 2004). The amended complaint fails to show even the first element of an unjust enrichment claim: that Skip conferred any benefit on Merrill Lynch. Without this necessary element, Count X fails as futile.

## IV. CONCLUSION

Because the plaintiff's proposed amendments are futile, the Court denies the plaintiff's motion for leave to amend his complaint.

---

[6] Maryland law may not require the damages element, as a plaintiff can recover nominal damages for a breach. *Taylor v. NationsBank, N.A.*, 776 A.2d 645, 651 (Md. 2001). In this case, however, Skip fails to establish that Merrill Lynch owed him a legally enforceable obligation, so his breach of contract claim fails before the Court even reaches the element of injury.

The Court will enter an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record and to the pro se plaintiff.

Date: April 25, 2018
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge