IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FREDRICK W. HEROLD, JR.,
    Plaintiff,

v.                                                 Civil Action No. 3:17-CV-00395-JAG

MERRILL LYNCH, PIERCE,
FENNER & SMITH, INC.,
    Defendant.

## OPINION

This matter comes before the Court on the motion for summary judgment of the defendant, Merrill Lynch, Pierce, Fenner & Smith, Inc. The plaintiff has filed a complaint alleging negligence and gross negligence.[1] Merrill Lynch has moved for summary judgment, and the plaintiff moved for certain discovery that he deemed necessary to respond to the summary judgment motion. Because the plaintiff fails to demonstrate that Merrill Lynch owes him a duty, the Court grants the defendant's motion for summary judgment and denies the plaintiff's motion for discovery.

## I. BACKGROUND

This case arises from financial accounts that Fredrick W. Herold, Sr. ("Fredrick"), opened in 2004 with Merrill Lynch. Fredrick is the father of the plaintiff, Fredrick W. Herold, Jr., known as Skip. The accounts created a joint tenancy with right of survivorship between Fredrick and his wife, Kristina C. Herold. According to the summary judgment motion, Fredrick told Merrill Lynch he wanted to designate Kristina as sole beneficiary and specifically exclude his children as beneficiaries on all of his accounts. Merrill Lynch Vice President and Wealth

---

[1] The plaintiff moved to amend his complaint to add additional counts, but the Court denied his motion on futility grounds.

Management Advisor Bradford E. Bugher drafted a Customer Relationship Agreement ("CRA") reflecting Fredrick's instructions. Merrill Lynch submitted a declaration by Bugher stating that Fredrick continued to hold and manage his accounts over a ten-year period, and never indicated to Merrill Lynch an intent to remove or change Kristina as the sole beneficiary on the accounts.

Fredrick died in January 2014. Kristina then gave Merrill Lynch the necessary documentation to transfer the accounts to her name, which included Kristina's transfer authorization as co-owner. After reviewing all relevant documentation, and considering statements Fredrick had made to Bugher instructing the transfer, Merrill Lynch transferred account ownership to Kristina.

Not surprisingly, Skip was unhappy that Kristina received the assets in his father's Merrill Lynch account. In May 2014, Skip contacted Merrill Lynch about the allegedly improper transfers to Kristina. Skip says that Merrill Lynch gave the documents the quick once over, but otherwise "failed to reasonably scrutinize the document." (Dk. No. 1, Compl., at ¶ 2.) Skip then took his complaint to Bugher. Bugher told Skip that he saw nothing out of the ordinary about the transaction and that Kristina was the sole beneficiary on the accounts. Bugher also told Skip that he knew about the legal dispute between Skip and Kristina and that he could provide only limited information to Skip due to privacy laws. Skip next brought his complaint to Bugher's supervisor, to no avail.

Skip then went to the Securities Division of the Maryland Attorney General's Office, again to no avail. Skip's complaint says that Merrill Lynch "either neglected to conduct a reasonable inquiry" or "concealed information" in response to the Attorney General's inquiry. (Dk. No. 1, Compl., at ¶ 6.) Skip then contacted Merrill Lynch's customer service line to request that they place a fraud alert on the accounts, but they failed to do so.

Skip says that Merrill Lynch gave him "an incomplete, nearly illegible copy of a fraudulent photocopied" CRA in response to a subpoena Skip issued in a related Maryland case. (Dk. No. 1, Compl., at ¶ 10.) According to the complaint, Merrill Lynch "accepted and processed" the CRA through "unknown employees/agents, at an unknown time and place," failed to show that Merrill Lynch had the original CRA on file, and provided "no signed disclosures" and "no documents that were countersigned by a registered representative of Merrill Lynch." (Dk. No. 1, Compl., at ¶ 13.)

In short, Skip has continually protested that he and his siblings should have the assets that went to Kristina. Having received unfavorable answers, he turns to this Court.

## II. STANDARD OF REVIEW

Courts may grant summary judgment where the movant establishes that no genuine dispute of any material fact exists, entitling the movant to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant satisfies its showing for summary judgment, the burden shifts to the non-moving party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–88 (1986). The non-movant may not rest on claims within its pleading, but "must come forward with specific facts showing that there is a genuine issue for trial." *Id.* at 587 (internal quotation and emphasis omitted).

After adequate opportunity to respond to a motion, Rule 56(c) requires courts to grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. The Court resolves all genuine factual

disputes and inferences in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

### III. DISCUSSION[2]

Virginia law requires three elements to prove negligence: (1) a legal duty that the defendant owes the plaintiff; (2) a breach of that duty; and (3) that the breach proximately caused injury to the plaintiff. *Talley v. Danek Med., Inc.*, 179 F.3d 154, 157 (4th Cir. 1999). Courts in numerous jurisdictions have held that a bank owes no legal duty to a noncustomer with whom no direct relationship exists.[3] *Eisenberg v. Wachovia Bank, N.A.*, 301 F.3d 220, 225 (4th Cir. 2002); *MLSMK Inv. Co. v. JP Morgan Chase & Co.*, 431 F. App'x 17, 20 (2d Cir. 2011) ("Banks generally do not owe non-customers a duty to protect them from fraud perpetrated by customers."); *Marlin v. Moody Nat'l Bank, N.A.*, 248 F. App'x 534, 540 (5th Cir. 2007) ("[A] bank owes a duty of care to customers but not third parties.").

Skip had no customer relationship with Merrill Lynch that would create the duty required to proceed on a negligence claim. The CRA governed the customer relationship between Merrill Lynch and Fredrick, not between Merrill Lynch and Skip. (Dk. No. 24, Exh. B.) Skip has presented no facts to indicate he had a customer relationship with Merrill Lynch. Thus, because banks do not owe a legal duty to non-customers or third parties, Merrill Lynch did not owe Skip a duty. *See Eisenberg*, 301 F.3d at 225.

---

[2] The Court applies Virginia law to this case. Although many of the events appear to have transpired in Maryland and Delaware, applying the law of those states would not lead to a different outcome. *See Perini/Tompkins Joint Venture v. Ace Am. Ins. Co.*, 738 F.3d 95, 101 (4th Cir. 2013). Therefore, the Court does not need to undertake a choice of law analysis and applies the law of the forum state. *Id.*

[3] Both Maryland and the Third Circuit have carved out narrow, fact-specific exceptions to this rule. *See Schenkel v. Flaster*, 54 F. App'x 362, 365 (3d Cir. 2002); *Grange Mut. Ins. Co. v. Verizon's Benefits Ctr.*, 541 F. Supp. 2d 745, 749–50 (D. Md. 2008). The Court finds nothing in these facts to support applying such a limited exception here.

To circumvent this fatal problem, Skip argues that Merrill Lynch owed him a legal duty as a third-party beneficiary to his father's accounts. Virginia law recognizes a third-party beneficiary to a contract only where "the parties to the contract clearly and definitely intended it to confer a benefit upon him." *Ward v. Ernst & Young*, 246 Va. 317, 330, 435 S.E.2d 628, 634 (1993) (quoting *Prof'l Realty v. Bender*, 216 Va. 737, 739, 222 S.E.2d 810, 812 (1976)). Virginia courts generally look to the "four corners" of the contract to determine whether a person is an intended third-party beneficiary. *Obenshain v. Halliday*, 504 F. Supp. 946, 956 (E.D. Va. 1980) (citing *Richmond Shopping Ctr., Inc. v. Wiley N. Jackson Co.*, 220 Va. 135, 142, 255 S.E.2d 518, 523 (1979)). Skip fails to offer any facts to show that the contract between Fredrick, Sr., and Merrill Lynch "clearly and definitely intended" to establish Skip as a third-party beneficiary. *Ward*, 246 Va. at 330. His argument that his father's will includes him as a beneficiary does not bear on the contractual customer relationship between his father and Merrill Lynch.

Negligence claims require an element of legal duty. Skip does not show that Merrill Lynch owed him a duty, either as a customer or as a third-party beneficiary to an existing Merrill Lynch customer contract. In the absence of a legal duty, Skip's negligence claims against Merrill Lynch fail. Thus, no genuine dispute of material fact exists and Merrill Lynch is entitled to judgment as a matter of law.

## IV. CONCLUSION

Because Merrill Lynch did not owe the plaintiff a legal duty, the plaintiff's negligence claims cannot succeed as a matter of law. The Court therefore grants the motion for summary judgment and denies the plaintiff's motion for discovery.

The Court will enter an appropriate Order.

5

Let the Clerk send a copy of this Opinion to all counsel of record and to the pro se plaintiff.

Date: April 25, 2018
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge